**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **v.** | CASE NO. 2022-CR-00005 |
| WASHINGTON CAMPAZ REBOLLEDO, | |
| **Defendant.** | |

**UNITED STATES' SENTENCING MEMORANDUM**

COMES NOW the United States of America, through Delia L. Smith, United States Attorney for the District of the Virgin Islands, and respectfully files its sentencing memorandum in the above captioned matter.

## I.    PROCEDURAL BACKGROUND

On February 4, 2022, the United States charged Washington Campaz Rebolledo ("Defendant"), with violations of the Maritime Drugs Law Enforcement Act ("MDLEA"), 46 U.S.C. 70503(a)(1), 70506(a) and (b), and 21 U.S.C. 960(b)(1)(B). On October 10, 2023, Defendant entered into a plea agreement with the United States. His sentencing hearing is scheduled for February 16, 2024, before the Honorable Robert A. Molloy. Below is the United States' recommendation for a proper and just sentence based on the United States Sentencing Guidelines ("USSG"), and the 18 U.S.C. §Section 3553(a) factors.

## II.    FACTUAL BACKGROUND

On December 16, 2021, while on patrol, a marine patrol aircraft sighted a vessel covered by a tarpaulin, in international waters, approximately 47 nautical miles West Southwest of Isla de Malpelo, Columbia, navigating in a known drug smuggling area. The

*United States v. Rebolledo, et al.,* Case No. 2022-CR-00005
United States' Sentencing Memorandum
Page 2

vessel is described as a "go-fast" with outboard engines displaying no indicia of nationality nor markings. The United States Coast Guard Cutter ("USCG") JAMES, which was patrolling nearby, diverted in order to investigate the vessel suspected of illicit maritime activity. USCG JAMES launched and Maritime Patrol Helicopter to further investigate and reported that the vessel had capsized with four individuals on the hull of the overturned vessel with no life jackets. Also visible were packages and fuel barrels in the water. USCG JAMES launched its Long-Range Interceptor vessel and recovered the four individuals who had no injuries, and reported all persons accounted for. The four individuals, later identified as (1) Washington CAMPAZ REBOLLEDO; (2) Andres Felipe ASPIRILLA TORRES; (3) Jhon Stiven RIASCOS VIVEROS; and (4) "JC", refused to claim a master or country of origin for the vessel.

USCG JAMES further reported that there was no vessel flag shown, no registration and no claim of nationality. USCG JAMES also noted that there was no other vessel traffic in the area. The vessel, showing no indicia of nationality, was determined to be a vessel without nationality and therefore subject to the jurisdiction of the United States. USCG personnel then embarked the go-fast vessel to conduct a full law enforcement boarding. USCG personnel recovered two sets of packages from the water. The first set had an estimated weight of 3,186 pounds. USCG boarding team conducted two NIK Tests on the recovered packages which yielded positive results for the presence of marijuana. The USCG boarding team then conducted two NIK Tests on the second set of physically

*United States v. Rebolledo, et al.,* Case No. 2022-CR-00005
United States' Sentencing Memorandum
Page 3

different packages which had an estimated weight of 1078 pounds. The second package yielded positive results for the presence of cocaine. All four individuals were detained for officers' safety and transferred to the USCGC JAMES. Thereafter, "JC", a minor from Columbia, was repatriated to his native country by the United States. On January 3, 2022, the USCG transferred custody of CAMPAZ REBOLLEDO, ASPIRILLA TORRES and RIASCOS VIVEROS to United States law enforcement officers in Miami, FL, where they first entered the United States. The drug evidence was transferred from the USCG to Drug Enforcement agents in Miami, FL, where it was analyzed as cocaine hydrochloride and marijuana.

## III.    LEGAL STANDARD

In sentencing Defendant, this Court must follow a three-step process: (1) calculate the guideline sentence; (2) formally rule on any departure motions and state how any departure affects the sentencing guideline calculation; and (3) exercise discretion by separately considering the relevant factors outlined in 18 U.S.C. § 3553(a) when setting the sentence. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

At the third step of the sentencing process, this Court must also consider the advisory guideline range along with all the pertinent § 3553(a) factors in determining the final sentence. "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice

*United States v. Rebolledo, et al.,* Case No. 2022-CR-00005
United States' Sentencing Memorandum
Page 4

if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted).

## IV.    <u>SENTENCING CALCULATION</u>

### A.    **Statutory Maximum Sentence**

Defendant faces a mandatory minimum term of ten (10) years imprisonment and a maximum of life, a term of supervised release of not more than five years, a maximum fine of $10,000,000.00, and a special assessment of $100.00.

### B.    **Sentencing Guidelines Calculation**

The base offense level is 38, and a four-level base offense adjustment, pursuant to § 2D1.1(a)(5), a three-level reduction for acceptance of responsibility, pursuant to § 3E1.1, and a two-level reduction for minor participant role, pursuant to § 3B1.2(b), have been applied which resulted in an adjusted offense level of 29.  Based on the adjusted offense level of 29 and a criminal history category of I, the resulting sentencing range is 87-108 months of incarceration.  The United States recommends a within guideline range sentence of 96 months incarceration.

## V.    <u>SENTENCING RECOMMENATION</u>

### A.    **Sentencing Factors**

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the United States' recommended sentence is appropriate in this case.

*United States v. Rebolledo, et al.,* Case No. 2022-CR-00005
United States' Sentencing Memorandum
Page 5

Moreover, the Court must consider all of the sentencing considerations set forth in §

3553(a). Those factors include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)    the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant;

(4)    the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(5)    the guidelines and policy statements issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

## B.    Application

The relevant § 3553(a) factors will be discussed in turn.

### 1.    The Nature and Circumstances of the Offense

Defendant was involved in a large-scale, cocaine trafficking operation onboard a

low-profile vessel designed for smuggling narcotics.  The quantity of cocaine involved in

*United States v. Rebolledo, et al.,* Case No. 2022-CR-00005
United States' Sentencing Memorandum
Page 6

this case reflects Defendant's connection to the highest levels of cocaine trafficking organizations and association with top tier leadership within the drug trafficking industry. Accordingly, the United States requests that the Court imposes a within advisory guideline sentence as set forth in this memorandum.

**2.    The Need for Sentence Imposed to Reflect Seriousness of the Offense, Promote Respect for Law, and Provide Just Punishment**

There is a need to impose a sentence that reflects the seriousness of the offense, promotes respect for U.S. laws, and provides just punishment. As with drug trafficking organizations operating in the Virgin Islands, the 3186 pounds of cocaine and 1,078 pounds of marijuana seized in this case were destined to the continental United States for distribution.   It is therefore imperative that Defendant receives a sentence that is commensurate with the seriousness of his offense.

**3.    The Need for Adequate Deterrence and Protection of Public**

The need for adequate deterrence of this type of crime is important. Drug traffickers must be deterred from possessing and distributing controlled substances. The seizure of 793 kilograms of cocaine served as a major deterrent to this drug trafficking organization, and has, in turn, disrupted the supply of cocaine into the United States.   Given the prevalence of drug trafficking crimes, the need to deter others from similar crimes is especially important. Hence, the recommended guideline sentence will protect the public from further crimes by Defendant for the duration of his sentence.

*United States v. Rebolledo, et al.,* Case No. 2022-CR-00005
United States' Sentencing Memorandum
Page 7

### 4.      The Need to Provide Defendant with Training, Medical Care or Correctional Treatment

Defendant is in good health.  Therefore, there is no demonstrated need to adjust the sentence in order to provide Defendant with educational or vocational training, medical care or additional treatment that cannot be adequately addressed by the Bureau of Prisons during incarceration.

### 5.      The Need to Avoid Unwarranted Sentence Disparities Among Similarly Situated Defendants

Adherence to the recommended guideline range is the only course for assuring that Defendant's sentence is consistent with those imposed nationwide on similarly situated offenders. The United States' recommendation of a sentence within the advisory guideline range is based in part on the fact that such a sentence serves the vital goal of uniformity and fairness. Reference to the sentencing guidelines, while carefully considering the 3553(a) factors particularly relevant to an individual Defendant, is the best available means to meet this goal of uniformity and fairness.

### 6.      Restitution

There is no restitution in this case.

*United States v. Rebolledo, et al.,* Case No. 2022-CR-00005
United States' Sentencing Memorandum
Page 8

## VI.    CONCLUSION

For these reasons, the United States respectfully requests the Court impose a

sentence of 96 months of incarceration.

Respectfully submitted,

Dated: February 9, 2024                 *s/ Delia L. Smith*
                                         DELIA L. SMITH
                                         United States Attorney
                                         District of the Virgin Islands
                                         5500 Veteran's Drive, Suite 260
                                         St. Thomas, VI 00802
                                         Telephone: (340) 774-5757
                                         Delia.Smith@usdoj.gov